## NELSON DAVIS v. L. M. McCROCKLIN.

1. GENERAL DENIAL, *Evidence Under.* In an action to recover damages for the failure of the defendant to deliver a quantity of corn which the plaintiff claimed to have purchased from the defendant at a stated time, and on certain terms, the defendant filed a general denial. Under such an answer the defendant was entitled to offer any testimony which went to controvert the facts that the plaintiff was bound to establish in order to maintain his action.

2. DEFENSE; *Competent Evidence.* For the purpose of showing that the contract set up and relied upon by the plaintiff had not been made, it was competent for the defendant, under his general denial, to offer testimony that two days after the alleged sale the plaintiff contracted to purchase the same corn, and on terms different from those claimed by the plaintiff.

3. ADMISSION, *Evidence to Explain.* In such a case, where testimony is offered that the defendant had admitted in general terms the selling of his corn to the plaintiff, the defendant is entitled to show and explain that in such admission he had reference to a contract of sale other than the one upon which the plaintiff relies.

### *Error from Sedgwick District Court.*

ACTION by *McCrocklin* against *Davis*, to recover $500 damages for the failure of the defendant to deliver plaintiff a cer-

tain quantity of corn. Judgment for plaintiff for $150, with interest, amounting to $169.95, at the June Term, 1883. The defendant brings the case to this court. The opinion states the facts.

*Ruggles & Parsons*, for plaintiff in error.
*Sluss & Hatton*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: L. M. McCrocklin, who is the defendant in error, brought an action in the district court of Sedgwick county against Nelson Davis, who is the plaintiff in error here, alleging that on the 8th day of August, 1881, the defendant, Nelson Davis, and the plaintiff entered into a verbal agreement whereby it was agreed that the defendant should sell to the plaintiff two thousand bushels of shelled corn which should be delivered to the plaintiff upon the cars on the 20th day of August, 1881, and for which the plaintiff should pay, upon delivery, thirty-five cents per bushel. He alleged a demand of the corn and a failure of the defendant to deliver the same, and further alleged that he had been damaged in the sum of $500, for which he prayed judgment. The answer of Davis was a general denial. The plaintiff below obtained a verdict and judgment for $150, with interest, amounting to $169.75; and the defendant brings the case here, and assigns for error the rulings of the court upon the admission of evidence.

In his testimony McCrocklin stated that on the 8th day of August, 1881, he went to Davis's place for the purpose of buying his corn; that Davis priced his corn to him at thirty-five cents per bushel, and after some talk about the matter, McCrocklin said he wanted to inquire into the condition of the market, and that he would determine and notify Davis at noon sharp of that day whether or not he would take the corn at the price asked; that he immediately communicated with persons at Kansas City relative to the price of corn, and then sent James Dean, who was in his employ, to notify Davis that

he would accept his corn at the offer which he had made. The plaintiff below then introduced Mr. Dean as a witness, who testified that under the direction of McCrocklin he went to Davis's place at noon on the 8th day of August sharp, and notified him that McCrocklin would take the corn on the terms which Davis had proposed. On cross-examination this witness was asked if he did not go to Davis on Wednesday, the 10th day of August, and as the agent of McCrocklin propose to purchase the same corn and on terms different from those in the alleged contract of which McCrocklin had testified. This was objected to on the ground that under the state of the pleadings it would be incompetent for the defendant to introduce any evidence relating to a subsequent contract. The court sustained the objection, and the defendant excepted.

The plaintiff produced several witnesses who were neighbors of the defendant, and who testified in general terms that the defendant admitted having sold his corn to McCrocklin. When it came to the introduction of testimony for the defense, Davis admitted that he had offered to sell the corn on August 8th upon the terms stated by the plaintiff, and also that McCrocklin was to notify him at noon sharp of that day whether the offer would be accepted. But he says that no notice of acceptance was given him upon that day by James Dean or anyone else for the plaintiff. He was then asked if he did not say to his neighbors, who were witnesses, that he had sold his corn to the plaintiff, and he answered that their testimony upon that point was mostly true, and was proceeding to state that he was speaking of another transaction, and to explain under what circumstances he made the admissions, when the plaintiff interposed an objection that the explanation of the witness was that he had reference to a contract other than the one alleged by the plaintiff. The explanation that the defendant desired to make was that in the statements made to his neighbors that he had sold his corn to McCrocklin, he did not refer to negotiations between them on the 8th of August, but to a sale which he claimed was made on a subsequent day, by the terms of which the defendant was to sell his corn

to the plaintiff for thirty-five cents a bushel, the plaintiff to furnish a sheller to shell the same, and if the plaintiff failed to do so he was not to have the corn. The court sustained the objection, and the plaintiff excepted.

It seems to us that in both instances the testimony was improperly excluded. The court ruled that it was inadmissible under a general denial, holding that the defendant could not introduce any testimony tending to show any other negotiations or contract between the parties than the one alleged by the plaintiff. It is to be noticed that the defendant does not admit the completion of the contract which was under negotiation between himself and the plaintiff. By his general denial the sale of the corn on August 8, 1881, as alleged by the plaintiff, was put in issue. To maintain his action it was incumbent on the plaintiff to prove that the sale was consummated by an acceptance of the defendant's offer as early as noon of that day. Under the general denial the defendant may properly offer any testimony which goes to controvert the facts that the plaintiff was bound to establish in order to maintain his action. This was the purpose for which the testimony excluded was offered. The defendant did not seek to establish a subsequent contract as a basis of recovery against the plaintiff; neither did he offer it to show a modification of an existing contract. He denied that the contract set up by the plaintiff was ever made, and the testimony objected to was in part inconsistent with, and some of it went directly to controvert, the claim of the plaintiff. The witness Dean had testified that before noon of the 8th he came to Davis on behalf of the plaintiff McCrocklin, his employer, and accepted the corn and completed the contract. As tending to contradict this statement, and to show that the offer was not then accepted, the defendant sought to prove that Dean came two days thereafter, and that he proposed to and did purchase the same corn for the plaintiff, and for a greater price than was talked about between the parties on the 8th of August. This conduct implied with more or less force that there had

1. Evidence under general denial.

2. Competent evidence for defense.

been no prior purchase of the corn by the plaintiff, and the testimony tended strongly to disprove the claim and testimony of the plaintiff.

Again, the defendant should have been allowed to explain the partial statements or admissions made by him to his neighbors, who testified that he admitted having sold his corn to the plaintiff. According to their testimony, the admissions were in general terms, and simply that he had sold his corn to the plaintiff, without stating at what time the sale was made. They were offered to support the making of the contract alleged by the plaintiff, while the defendant claims that he had reference to an entirely different transaction. A party is always allowed to show what the complete admission was; and he may even show the admission to be erroneous or untrue, unless the other party may have been led by such admission to alter his condition, when he would be estopped from denying it. The admissions in this transaction were made to outside parties, were not acted upon by the plaintiff, and were not of such a character as to constitute an estoppel. He was entitled to lay before the jury a full statement of the admissions, the circumstances under which they were made, and to explain the particular sale to which he referred in the statements that he had sold his corn to the plaintiff.

3. Evidence to explain admissions.

For improperly excluding testimony offered by the defendant, the judgment must be reversed, and the cause remanded for a new trial.

All the Justices concurring.