WILLIAM H. BROWN v. THE CHICAGO, ROCK ISLAND &
PACIFIC RAILWAY COMPANY.

No. 10339.

1. NEGLIGENCE —*proof that railway company knew car was out
of repair, will not establish actionable negligence toward em-
ployee handling car set on repair track.*   The plaintiff was an
experienced switchman in the yards of a railway company, where
there was a repair shop, and tracks upon which broken and dis-
abled cars were placed for repair.  A defective car had been
placed on one of these tracks to be repaired, and in an attempt to
uncouple it from another car plaintiff was injured by a broken
coupling attachment.   *Held,* that the mere fact that the car
was out of repair with the knowledge of the company is not suffi-
cient to establish actionable negligence on the part of the com-
pany.  *Held,* further, that when plaintiff found the car upon the
repair track, he was in effect warned that the car was defective
and unsuitable for ordinary use, and must therefore be taken to
have assumed the risks incident to the handling of broken and
disabled cars.

2. ———— *plaintiff cannot recover for negligence not alleged.*
The plaintiff cannot claim or recover damages upon grounds of
negligence other than those alleged in his petition.

Error from Leavenworth District Court.   Louis A.
Myers, Judge.   Opinion filed February 5, 1898.   *Af-
firmed.*

*Fenlon & Fenlon,* for plaintiff in error.   *B. F. En-
dres,* of counsel.

*M. A. Low, W. F. Evans* and *J. E. Dolman,* for de-
fendant in error.

JOHNSTON, J.   While William H. Brown was un-
coupling two cars in the yards of the Chicago, Rock
Island and Pacific Railway Company, at Horton, two
of his fingers were injured to such an extent as to re-
quire amputation.   In an action against the Company
to recover damages, he alleges that the injury was the
result of the Company's negligence, and the specific

and only negligence alleged is that "it permitted, through its agents and employees, said car No. 3956 to be and remain out of repair, knowing the same to be in a defective condition in that the strap which held the jenny coupler was out of repair, unfastened and out of place, thus permitting the coupler to sag and fall below its regular and right position, so that when it came in contact with the coupler of another car, the coupler of said other car overlapped it and caught said plaintiff's hand, causing the injury aforesaid."

At the trial the plaintiff produced his proof, but the court held it to be insufficient and sustained a demurrer to his evidence.

From the evidence it appeared that the plaintiff had been in the service of the Company for several years, and had been employed as a switchman in the Horton yards for nearly nine months before the occurrence of the accident. Some of the repair shops of the Company are located at Horton, and in connection with them, there are several repair tracks upon which broken or injured cars are placed for the purpose of repair. The defective car which plaintiff attempted to uncouple was upon one of these tracks and had been brought there for repair.

We think the plaintiff failed to establish a case of actionable negligence on the part of the Company. The fact that the car was out of repair did not imply negligence. In general, it is the duty of a railway company to furnish suitable and reasonably

1. Company not liable to employee when.

safe machinery and appliances, and if it fails to do so, and injury results therefrom to an employee, he may if free from fault, recover from the company for his injuries. That rule is not applicable in a case like this. It applies to cars that are in general use, and not to those which have been withdrawn from service and brought in for

repair. All know that cars are frequently broken and injured by use, and when that occurs, both duty and interest require that the company shall cause them to be repaired and made reasonably safe for use. To accomplish this, it is necessary that they should be removed to the repair shops, and it is necessary that employees shall assist in moving them. As a general rule, an employee who handles such cars with knowledge of the defects will be held to have assumed the risks incident to such work. One who is employed to handle broken and disabled cars cannot shut his eyes to the hazardous character of the service, nor invoke the above-mentioned rule which requires the company to furnish safe machinery and appliances. In order to conform to the requirements of that rule the company must bring in broken and disabled cars and repair them. When they are placed on the repair tracks the employees regularly engaged in handling damaged cars have at least some notice of their condition and of the risk to be run in handling them. When the plaintiff found the car on one of these tracks, he was, in effect, warned that for some reason the car was unsuitable for ordinary use, and that he must therefore exercise greater care; and he will be held to have assumed greater risks.

It is averred that the Company knew of the defective condition of the car, and that the plaintiff had no knowledge of it. But he had no right to assume that the car was safe. Finding it upon a repair track, he is required to proceed as if it was defective in some particular and unsuitable for ordinary use. The fact that the car was damaged and had been put aside for repairs and that the Company knew of its condition, is not enough to establish actionable negligence. There is nothing to show that the damaged condition of the car was due to the carelessness of the Company,

nor that the original construction was faulty; neither is it shown by whom or by what means it was broken. The plaintiff can make no claim on account of inexperience. He was a man of mature years who had been in the service of the Company for a considerable time. He was familiar with the yards and the methods employed. He knew the location of the repair tracks and the purpose for which cars were placed thereon. In his petition there is no averment that the Company was guilty of negligence in failing to notify him of the particular defect in the car, or that he was misled in any way, as to the character of the defect, by the action of the Company.

In the argument it was urged that the Company was negligent in failing to place upon the car the mark "B. O." or "Bad Order." It was contended that as some of the cars on these tracks had been repaired or were in good condition, such a designation was necessary and customary. Whether under the circumstances some designation of that character is necessary, or whatever may be the rule with respect to it where its absence is relied upon, it certainly is not available as a ground of negligence in the present case. The failure to so mark the car is not alleged by plaintiff as a ground of negligence, and he cannot rely on other than those alleged as a basis of recovery. But aside from that, it appears from testimony given by one of plaintiff's witnesses that there was a mark of "Bad Order" on the side of the car.

2. Plaintiff cannot recover for negligence not alleged.

Some claim is made that the car was placed upon the repair track to have a side-board put in, and not for the repair of the coupling attachment, and that as this was noted in the car-inspector's book it operated to mislead the plaintiff. It appears, however, that he did not see the book until after the accident, and what-

ever it may have contained he could not have been misled by it.

Our conclusion is that the plaintiff failed to show that his injury was caused by the negligence of the Company, and, therefore, the ruling of the District Court must be sustained.   As tending to sustain the conclusion reached, the following cases are cited: *Flannagan v. Railroad Co.*, 45 Wis. 98; s. c. 50 Wis. 462; *Kelley v. Railway Co.*, 35 Minn. 490; *Yeaton v. Railroad*, 135 Mass. 418; *C. & N. W. R. R. Co. v. Ward*, 61 Ill. 130; *Arnold v. D. & H. C. Co.*, 125 N. Y. 17; *Watson v. H. & T. C. Railway Co.*, 58 Tex. 434.

The judgment of the District Court will be affirmed.