JAMES ST. JOHN *et al.* v. G. K. BERRY.

No. 12,520.   (66 Pac. 1031.)

SYLLABUS BY THE COURT.

·FRAUD—*Petition and Proof—Fatal Variance.*   An allegation in
a petition that certain representations, which defendant is charged
with having made, were false, and known by him to be false, is not
sustained by proof that, while he had no knowledge or belief on
the subject, he made such representations supposing them to be
true, without reason therefor, but nevertheless made them as posi-
tively known facts.

Error from Reno district court; M. P. SIMPSON,
judge.  Opinion filed December 7, 1901.  Division two.
Reversed.

*Prigg & Williams,* for plaintiffs in error.

*Vandeveer & Martin,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. :  The defendant in error had judg-
ment in the court below and the plaintiffs in error
bring the same here for review.   The defendants were,
on the 30th of January, 1897, and had been for sev-
·eral years prior thereto, engaged in the banking busi-
ness in the city of Hutchinson, running a private
bank known as the Bank of James St. John & Co.
Plaintiff was a depositor, holding at that time its cer-
tificate of deposit in the sum of $1000, and also hav-
ing on general deposit $224.   On that date James St.
John & Co. sold out their bank, with the good-will
and fixtures belonging thereto, to the Bank of Hutch-
inson, which, for a full consideration, undertook to
pay all the depositors of the former bank, which
issued a circular to all its depositors informing them
that its business had been merged in the Bank of

Hutchison, and requesting them to call at their earliest convenience and transfer their accounts. The Bank of Hutchinson issued a circular on the same date and enclosed it under the same cover, announcing that the banking business of James St. John & Co. had been merged in the Bank of Hutchinson, and that thereafter the business of both banks would be transacted at the offices of the Bank of Hutchinson. Before plaintiff received these circulars he called at the Bank of Hutchinson and was informed by its cashier, in the presence of Mr. McCandless, of the merger of the two banks, and at that time transferred his general account to the Bank of Hutchinson. A few days thereafter, and after having received the circulars, he again called at the Bank of Hutchinson and surrendered his certificate of deposit issued by James St. John & Co., and took a certificate of deposit for the same amount from the Bank of Hutchinson. At this time, it is claimed, the Bank of Hutchinson was in a failing condition, and about three months thereafter it failed, and plaintiff received upon his deposit therein fifty per cent. thereof. This action was brought by him against the plaintiffs in error to recover the balance of the moneys which he had deposit with the Bank of James St. John & Co.

Much contention exists between the attorneys of the respective parties as to the character of the action set out in the petition—whether it is on contract or in tort. The petition is much involved and inartificial, and from its reading much reason is found for either contention. We think that the better construction of it is that the action is upon contract for the recovery of the moneys which plaintiff had had on deposit with the bank of St. John & Co., and that, for the purpose of avoiding the effect of the novation which

St. John v. Berry.

he had made by becoming a depositor in the Bank of Hutchinson, the plaintiff pleaded in his petition that the same was accomplished by and through the fraud of James St. John and A. W. McCandless, and this he did by asserting that they "well knew the financial standing of the Bank of Hutchinson, and knew that it was in a failing condition, and that its available funds were largely insufficient to discharge its liabilities," and that, knowing all these things, they issued the circular heretofore mentioned for the purpose of inducing their depositors to transfer their accounts to the Bank of Hutchinson.    Upon the trial of the action, no evidence was introduced by the plaintiff tending to prove that defendants had any knowledge whatever of the failing condition of the Bank of Hutchinson.    On the contrary, it appeared from the testimony of, the defendants that they had no such knowledge.

For the purpose of this discussion, we think it makes no difference whether the action is one on contract or one in tort, for the fraud charged must be proved in either case.    This fraud as charged was actual, and consisted in having actual knowledge of the insolvent condition of the Bank of Hutchinson, and, having this knowledge, in issuing the circulars referred to, for the purpose of inducing depositors to transfer their accounts to this insolvent concern.    The court instructed the jury as follows :

"The jury are instructed that it is sufficient to constitute actionable fraud, so far as the question of knowledge is concerned, if the person making the misrepresentations had no knowledge or belief upon the subject, and recklessly made them with intent to deceive, or, even if he made them, supposing them to be true, but had no reason therefor, and nevertheless made them as positively known facts, and thereby induced the person to whom they were made to act upon them to his damage."

It refused to give this instruction:

"It is necessary for the plaintiff to prove by the greater weight of evidence that the defendants knew, at the time of making any representations to plaintiff concerning the Bank of Hutchinson, that said Bank of Hutchinson was at the time insolvent."

The court's law, abstractly considered, was sound, but under the issues made by the pleadings was bad. Having pleaded actual and positive knowledge as the basis of fraud, the plaintiff could not prevail by showing that defendants ought to have known but did not. This would constitute a variance between the allegations and proof; or, perhaps, better stated, would be a failure to support by proof the fraud as charged. The defendants, at the close of plaintiff's case, filed a demurrer to the evidence, which was overruled; the same question was thus presented as was presented by the instruction given and the one refused.

"An allegation that one made representations knowing them to be false is not supported by proof simply that he had no reasonable grounds for believing them true." (*McKown v. Furgason*, 47 Iowa, 636; *Avery, Spangler & Co. v. Chapman*, 62 id. 184, 17 N. W. 454.)

"In an action for deceit, a declaration which alleges that the misrepresentations made were well known by the defendant to be untrue is not supported by proof simply that the defendant had reasonable cause to believe that they were untrue." (*Pearson v. Howe*, 1 Allen [Mass.] 207; see, also, *Marshall v. Fowler*, 7 Hun, 237; Pom. Rem. & Reme. Rights, § 554.)

Indeed, this rule is generally recognized; otherwise, as is said in *Southwick v. First National Bank*, 61 How. Pr. 164, pleadings would serve no useful purpose except to entrap and mislead the adversary. (*Romeyn v. Sickles*, 108 N. Y. 650, 15 N. E. 698.) This principle has been generally recognized in this state.

(*Brown v. Railway Co.*, 59 Kan. 70, 52 Pac. 65; *S. K. Rly Co. v. Griffith*, 54 id. 428, 38 Pac. 478; *Railroad Co. v. Owens*, 6 Kan. App. 515, 50 Pac. 962.)

For the error indicated the case will be reversed and remanded for a new trial.

GREENE, POLLOCK, JJ., concurring.