THE ELECTRIC RAILWAY, LIGHT AND ICE COMPANY V.
WILLIAM B. BRICKELL, as *Administrator, etc.*

No. 14,529.    (85 Pac. 297.)

SYLLABUS BY THE COURT.

1. DEMURRER—*Evidence—Contributory Negligence.* Where, in an action for damages on account of personal injuries, the defendant demurs to the evidence of. the plaintiff on the ground that it appears therefrom that the party injured was guilty of contributory negligence, it will not be deemed erroneous for the court to overrule such demurrer, if the facts justify a contrary conclusion.

2. EVIDENCE—*Admissibility under a General Denial.* Any ·evidence is admissible under a general denial which controverts the facts denied.

3. RAILROADS—*Injury to Person on the Track—Evidence.* Where a person while sitting on a railroad-track is run over and killed, under circumstances which seem to ̇ justify the inference of contributory negligence, and the plaintiff, to rebut such inference, offers evidence to establish that the deceased had been subject to attacks of pleurisy which rendered her temporarily helpless, for the purpose of enabling the jury to infer therefrom that she was helpless when run over, such evidence is not subject to the objection that it bases one presumption upon another.

4. PRACTICE, DISTRICT COURT—*Special Findings by a Jury.* It is not error for a court to refuse to require a jury to make its answers to certain special'findings of fact more specific, when such answers, if made as requested, would not differ in legal effect from those already made.

5. —— *Instructions.* It is not error to refuse to give an instruction to the jury when the instructions given embrace in legal effect all that is in the one refused.

Error from Geary district court; R. L. KING, judge. Opinion filed· March 10, 1906.    Affirmed.

*Humphrey & Humphrey,* for plaintiff in error.

*Roark & Roark, Lee Monroe,* and *E. P. Hotchkiss,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.:  On April 3, 1903, Susan Brickell was run over by one of the cars belonging to the plaintiff in error, and killed.  The administrator of her estate brought an action in the district court of Geary county to recover damages for her death, and obtained a judgment for $2000.  The defendant seeks to reverse the judgment by proceedings in error in this court.

Several assignments of error are presented, the principal and most important of which is the refusal of the court to sustain a demurrer to the evidence.  It is urged that the demurrer should have been sustained for the reason that the evidence showed contributory negligence on the part of the deceased.

In substance, the evidence upon this subject was as follows:  The defendant operated an electric railway in Junction City, Kan.  The deceased resided on a street along which the railway ran, and was acquainted with the speed and power of the cars operated thereon. She was a poor, hard-working woman.  She and her husband were addicted to the use of intoxicating liquor, but she is not shown to have ever been drunk. At the request of her husband she sometimes obtained liquor for him.  Upon the evening of the injury she had been out on the street for some time, but it is not shown for what purpose.  At the time she was struck by the car she was sitting or crouching on or near one of the rails of the track, at a place where there was a slight down grade.  How long she had been there, or why she did not move to avoid the car, are questions not very clearly answered by the evidence.  She had a bottle of whisky with her, which was broken at the time of the accident.  There was a feeble headlight on the car, and she might have seen it for a long distance before she was struck.  The motor-man says she looked up at him about the time she was run over, and had a wild look in her eyes which he could never forget.  She suffered from occasional attacks of pleurisy which rendered her

temporarily helpless. It does not appear that she had any disposition to commit suicide; ordinarily she was in good health, and in possession of her faculties. The injury occurred about nine o'clock at night, when her husband was at home asleep. Upon these facts the defendant claims that, although the injury was caused by its negligence, the deceased was guilty of contributory negligence which bars a recovery, and the court erred in submitting that question to the jury.

Did the deceased intend to commit suicide? Was she so drunk as to be unable to realize danger or to roll over and avoid it, or was she helpless on account of an attack of pleurisy? Was the "wild look in her eyes," which will never be forgotten by the motor-man, the look of insanity, or the result of anguish from pain and terror at the terrible death about to take place? There was some evidence tending to answer each of these inquiries in the affirmative. It seems eminently proper, therefore, that these questions should have been submitted to a jury. We are unable to say that the district court erred in overruling the demurrer.

It is further urged by the plaintiff in error that all of the evidence offered to show that the deceased had been subject to attacks of pleurisy, which at times rendered her helpless, was erroneously admitted. It is claimed that it was irrelevant and immaterial under the issues, and an attempt to base one presumption upon another. The defendant pleaded contributory negligence on the part of the deceased, and alleged, in substance, that she intentionally and deliberately placed herself on the track for the purpose of being run over, locating herself in a way to avoid discovery by the motor-man. The plaintiff replied with a general denial. That was the issue. Under a general denial any evidence may be given which controverts the facts denied. (1 Encyc. Pl. & Pr. 817; *Davis v. McCrocklin*, 34 Kan. 218, 8 Pac. 196.) The evidence objected to was intended to show that the deceased was not on the track intentionally, but was there involuntarily and in a helpless condition. This,

Railway Co. v. Brickell.

if true, directly disproved the averments of the answer, and was admissible. We do not think the objection that this evidence had the effect of placing one presumption upon another is well taken.

It was shown that the deceased was on the track when injured, but this fact, unaided by any further fact or inference, proved nothing. She may have been there voluntarily, and remained there through indifference or reckless negligence. She may have been there involuntarily, and against her will. Being there, she may have been unable to move out of the danger, although fully realizing it. What the real fact was in this respect could only be determined by inference from the facts proved. To remove the presumption of negligence produced by inferences drawn from the evidence of the defendant, the plaintiff offered proof that the deceased was subject to attacks of pleurisy which rendered her temporarily helpless. From this fact, when established, the jury were expected to infer that at the time of the injury the deceased was in a helpless condition from one of these attacks. If this fact were proved, and the inference justifiable, then from this evidence the legal deduction would follow that she was not chargeable with contributory negligence. The only presumption or inference in the proposition is based upon an established fact, and not upon another presumption.

It is also claimed that the court erred in refusing to require the jury to make more definite their answers to certain questions submitted to them. The defendant presented thirty-five special questions to the jury, among which, with the answers thereto, were the following:

"(6) Ques. Was there any reason why she could not have got off the track in a second of time? Ans. Yes.

"(7) Q. If you answer the last preceding question 'yes,' state what that reason was. A. She was mentally and physically unable to move."

"(10) Q. Was there anything to prevent the de-

ceased from seeing the car approaching in time to have got off the track? If there was, state fully what. A. Either physical or mental ailment."

The defendant moved the court to require the answers to Nos. 7 and 10 to be made more definite and certain, which request was as follows:

"Said defendant, in the presence of the jury and before they have been discharged from the consideration of this case, moves the court to require the jury to return to the jury-room and to direct the jury to answer questions Nos. 7 and 10 of the questions submitted by defendant more definitely, and so as to show whether it was a mental or physical ailment and disability which affected the deceased; and to show which it was."

If the deceased was helpless at the time of the injury, it is immaterial whether such helplessness was the result of a mental or a physical cause. To have required the jury to specify which cause would have been useless. The result would not have been affected thereby, and, therefore, we cannot say that this refusal of the court was erroneous.

Finally, it is said the court erred in refusing to give an instruction to the jury which reads:

"You are instructed that the burden of the proof is on the defendant to prove the contributory negligence of the deceased, unless you find the evidence of the plaintiff shows such contributory negligence, in which case the burden of showing the same is not on defendant."

The court did give an instruction which reads:

"The court instructs the jury that the burden of proving contributory negligence on the part of the plaintiff is upon the defendant."

It is claimed that the court, by refusing to give the instruction requested, left the jury to be misled by the supposition that the burden of proof, as defined by the court, meant that all the evidence to be considered upon the subject of contributory negligence must have been given by the defendant. If the court had not fully met this complaint in its other instructions there would

have been considerable force in the contention, but we think the instructions as a whole are unobjectionable. The court presented the question of contributory negligence quite fully and clearly to the jury, and stated repeatedly: "If you find and believe from the evidence" that Susan Brickell, etc.   This was equivalent to saying that the jury must "find and believe" from the whole evidence in the case, and not from the evidence of either party.

After a careful examination of all the questions presented we are unable to find any material error.   The judgment is affirmed.

All the Justices concurring.