THE HUTCHINSON LUMBER & PLANING-MILL COMPANY
v. SYLVESTER BAKER.

No. 14,639. (85 Pac. 1016.)

SYLLABUS BY THE COURT.

VARIANCE—*Allegations and Proof of Negligence.* The rule that the negligence proven and found by the jury must correspond with the averments of the petition is not to be construed in a narrow, technical sense, but with a view of giving effect to section 133 of the code (Gen. Stat. 1901, § 4567) ; and a verdict will not be set aside because some of the language used is inappropriate, where there is sufficient to apprise defendant of the nature of the negligence complained of, and where it manifestly appears that defendant was not misled or prejudiced in maintaining its defense on the merits.

Error from Reno district court; PETER J. GALLE, judge. Opinion filed June 9, 1906. Affirmed.

STATEMENT.

PLAINTIFF in error was engaged in the contracting business and had a number of men at work repairing a large coal-shed belonging to the Hutchinson Water, Light & Gas Company. The coal-shed having been overloaded with coal, the walls had spread and left the foundation at the sides, and the roof sagged down. Defendant in error was in the employ of Henry Shears, who had a separate contract for the brick piers of the foundation. In order to get the walls back upon the foundation it was necessary to raise the roof. Plaintiff in error was engaged in doing this by means of jack-screws placed inside the walls at intervals of about sixteen feet. Each screw supported an upright timber about sixteen feet long. One of these uprights fell and struck the defendant in error on the head while he was at work laying brick at one of the piers. The jury found for the defendant in error and allowed him $800 damages. The trial court denied a motion for a new trial, and from the judgment the plaintiff in error brings this proceeding.

*Prigg & Williams,* for plaintiff in error.

*George A. Vandeveer,* and *F. L. Martin,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: The principal contention is that the petition of the defendant in error set up a specific act of negligence and the recovery was had upon another and entirely different act of negligence. The petition alleged that Wagner, foreman of plaintiff in error, "negligently and carelessly, with jacks and braces, pushed the north wall of said building in at the bottom, thus slightly raising the roof or plates on which the roof rested and which were resting on the upright timbers as aforesaid, and thus loosening the tension and letting one of said timbers fall, which said timber in falling struck the plaintiff across the head."

It has frequently been declared by this court that the negligence proven and found by the jury must correspond with the averments of the petition. (*Telle v. Rapid Transit Rly. Co.,* 50 Kan. 455, 31 Pac. 1076; *S. K. Rly. Co. v. Griffith,* 54 Kan. 428, 38 Pac. 478; *Brown v. Railway Company,* 59 Kan. 70, 52 Pac. 65; *St. John v. Berry,* 63 Kan. 775, 66 Pac. 1031.)

It is claimed, as a matter of fact, that plaintiff in error on the next day following the accident took the same jack-screws from under the uprights where they had been supporting the roof and placed them in a horizontal position against the railway-track, and by the use of pressure applied laterally pushed the north wall a sufficient distance south to make it perpendicular. It is insisted that plaintiff in error "went into trial knowing that Wagner was not pushing the building over with jacks or braces until the next day after the accident occurred and had the right to rely on this fact as a complete defense."

It is provided in section 133 of the code that "no variance between the allegations in a pleading, and the proof, is to be deemed material, unless it have actually

misled the adverse party to his prejudice in maintaining his action or defense upon the merits." (Gen. Stat. 1901, § 4567.)

It may be conceded that the petition in this case is not drawn with the certainty and precision as to the negligent act of the plaintiff in error with which it should have been to conform strictly to the facts proven; but it requires some stretch of imagination to discern in what way plaintiff in error could have been misled. The upright timber did, as plaintiff in error well knew, fall and strike Baker on the head, fracturing his skull. It is inconceivable that every one present, including the employees of the plaintiff in error, did not know all about it immediately. They did know, and were present at the trial and gave their testimony. There was no dispute with reference to the exact time the accident happened and practically none with respect to how it happened. No one actually went into the trial believing that the defendant in error expected to prove that his injuries were received the day after they were received, simply because the plaintiff in error happened on the next day to be pushing the coal-shed over in the manner described in the petition. It may be true that, as a matter of strict pleading, plaintiff in error had the right to believe this, but certainly with the knowledge it had of what actually occurred it had no business to believe it. The contention turns upon too narrow a construction of the pleading. The gravamen of the charge of negligence was not so much the pushing of the side of the building "in" or "over," nor even the slight raising of the roof, but the "loosening" of the tension of the weight on the upright, permitting it to fall and strike the plaintiff across the head. As the learned foreman of the jury, in answer to a special question, phonetically expressed it: "Ques. Then state what caused said timber to fall. Ans. Because the jack was not kep' tite."

Most of the complaint in reference to the instructions is based upon this same contention—that there

was a fatal variance between the averments of the petition and the proof, and that the court should have instructed the jury definitely as to the specific negligence charged, and practically that, unless the injury occurred by reason of the north wall being pushed in, as averred in the petition, defendant in error was not entitled to recover. The instructions, though quite general, were fair upon the pleadings and the evidence, and, in our opinion, give the plaintiff in error no ground for the claim that its substantial rights were prejudiced.

Error is urged because the court refused to require the jury to make their answer to question No. 3 more definite. The question and answer are as follow:

"Ques. When did the said M. H. Wagner and his men push the north wall of said building in with reference to the time the plaintiff was injured? Ans. Finished 28th May, 1904."

Plaintiff in error all through the trial contended that the building was in fact pushed "over" onto its foundation on the 28th, and there was no controversy but that the accident in which defendant in error received his injuries occurred on the day previous—May 27. The answer was rendered somewhat indefinite by the word "finished," but it could not affect the liability of the plaintiff in error no matter how it was answered or whether answered at all. The question had sole reference to an occurrence after the accident in which defendant in error was injured, and therefore it was immaterial when the building was pushed "in" or "over," so long as the question had no reference to the time of the injury. No answer the jury could have returned under the evidence would have availed anything to the plaintiff in error.

It is urged that the jury allowed damages for permanent injuries after finding that defendant in error sustained no permanent injury. This contention is based upon the following special findings:

"Ques. Are the injuries to plaintiff such that he

will be permanently disabled from performing manual labor? Ans. Don't know."

"Q. How much do you allow plaintiff for permanent injury? A. $500.

The physician who treated the defendant in error did not know whether it would or would not permanently interfere with his ability to perform manual labor, but the evidence of the same physician as to the probability of the injury being to some extent permanent in its character warranted the jury in allowing the sum they did for permanent injury. A man might have his ear torn off and sustain a permanent injury which at the same time might not render him in any sense less able to perform manual labor.

We have examined the other errors complained of, but find none which in our opinion affects the substantial rights of the plaintiff in error or which requires specific mention here. The judgment is affirmed.

All the Justices concurring.