THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY
·           V. CHARLES ELROD.

No. 15,655.   (93 Pac. 215.)

SYLLABUS BY THE COURT.

NEGLIGENCE—*Pleading*—*Injury to Licensee.* In an action for
the recovery of damages for personal injuries the plaintiff can
not recover upon any ground of negligence which is not al-
leged in his petition.

Error from Cherokee district court; CORB A. MC-
NEILL, judge. Opinion filed November 7, 1908. Re-
versed.

· *W. F. Evans,* and *R. R. Vermilion,* for plaintiff in
error.

*A. L. Majors,* and *S. C. Westcott,* for defendant in
error.

The opinion of the court was delivered by

SMITH, J.:  Charles Elrod went to the railroad com-
pany's station in Galena to learn the time of arrival
of a train upon which he was expecting a friend. When
he arrived upon the platform at the station, and before
accomplishing his errand, he had occasion to go to the
water-closet.  The company had provided a water-closet
about 100 feet in an easterly direction from the depot
platform, the location of which was known to Elrod.
In going thereto Elrod went to the northeast corner of
the platform, and stepped off upon a step provided for
that purpose.  In taking another step, as he supposed
to the ground, his foot sank into a hole or ditch which
was nearly in front of one side of the step, and in which
there was a large drainage pipe.  His foot struck upon
the rounding surface of the drainage pipe, and he fell
and dislocated or sprained his ankle.  He brought this
action in the district court of Cherokee county, and re-
covered damages for the injury.

It is evident that Elrod's claim against the company

Railroad Co. v. Elrod.

for damages must rest upon some negligent omission of duty which the company owed to him and to others having business at its station under like circumstances. The only allegation of negligence in his petition is the following excerpt therefrom:

"That in going to said water-closet, as aforesaid, it was necessary for said plaintiff to step off the east end of said platform on the ground, and in doing so plaintiff stepped into a deep ditch and upon the edge of a drainage tile carelessly and negligently left exposed by said defendant company—and the ditch carelessly and negligently allowed to exist by said defendant company —all of which this plaintiff is unable to make more specific and certain, all of which condition had existed some time prior thereto, the exact time the plaintiff is unable to state more definitely, of which this plaintiff had no notice or knowledge, but which was well known, or, by the exercise of reasonable care and diligence, should have been known by the defendant."

The substance of the complaint is that the company carelessly and negligently allowed the ditch to exist, and carelessly and negligently left the drainage tile therein so exposed, at a place where Elrod had a right to go by the implied invitation of the company, and that the ditch and tile were allowed to remain so near to the step leading from the platform that Elrod stepped into and upon the same without fault on his part.

The right of the plaintiff to recover should have been limited to the specific negligence alleged in his petition. He was not entitled to recover upon any other. (*Telle v. Rapid Transit Rly. Co.*, 50 Kan. 455, 31 Pac. 1076; *S. K. Rly. Co. v. Griffith*, 54 Kan. 428, 38 Pac. 478; *Brown v. Railway Company*, 59 Kan. 70, 52 Pac. 65; *Schwarzschild & Sulzberger Co. v. Weeks*, 66 Kan. 800, 72 Pac. 274; 14 Encyc. Pl. & Pr. 342.) There was no reference in the petition to any failure on the part of the company properly to light its depot platform or the steps leading therefrom. Yet the court, over the objection of the company, gave the following instruction:

"(11) You are instructed that it was the duty of the

defendant to keep and have its platform and the steps or approaches immediately leading thereto reasonably sufficient and safe in all respects to be used by such persons as may have lawful occasion to use the same. It is not necessary that it should be perfectly and absolutely safe—so great a degree of perfection is usually impracticable, but it must be reasonably safe and sufficient for all persons rightfully and properly using the same, and who are themselves in the exercise of ordinary and reasonable care. Such lights as are reasonably necessary after dark to render the use of the platform and the approaches immediate thereto reasonably safe should be maintained at or near the time of the arrival of trains and while the same remain at the station; the proper character and extent of the lights required at any particular station depending on the character and extent of business transacted at such station. A light or lights that may be sufficient at one station might be inadequate at a larger one. The larger the station and the greater the number of passengers and persons lawfully doing business there the greater the need of a greater number or better lights."

If the accident had occurred in daylight, or at night when the platform and steps were well lighted, it might have been well attributed to the negligence of Elrod. If, on the other hand, the company owed Elrod a duty and he was going where he had a right to go, as the jury in substance found under the instructions of the court, then the failure of the company to have the platform and steps properly lighted might have been the proximate cause of the injury. It is quite probable the jury took the latter view, as appears by the following special question and the answer thereto:

"(14) Ques. If your answer to the last question discloses the fact that darkness had set in, then state whether or not at said place where the injury is claimed to have taken place there was not artificial light sufficient at the time to enable a prudent person to have seen any hole or excavation at the east end of the platform. Ans. No."

It appears, therefore, that the eleventh instruction

was erroneous, and that the plaintiff in error was prejudiced thereby. The judgment of the district court is reversed, and the case is remanded for a new trial.