LIZZIE ALTWEIN, *Appellee,* v. THE METROPOLITAN STREET RAILWAY COMPANY, *Appellant.*

No. 17,323.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Personal Injuries—Petition — Evidence — Variance.* In the petition herein it is alleged that plaintiff was riding in defendant's street car; that the car came to a standstill at a crossing; that as she was in the act of alighting, the car was negligently and violently started forward by the motorman with such force as to throw her off the car and down upon the pavement; *held,* if it appears by the evidence that the car was not brought to a standstill but was still slowly moving at the time of the accident, this does not necessarily defeat the right of recovery.

2. ———— *Same.* In such case, to sustain the action, the evidence as a whole must show that the injury occurred substantially as alleged and that the negligent act of defendant's employee was the proximate cause of the injury.

3. ——— *General Denial—Contributory Negligence.* In such a case, where the answer is a general denial only, contributory negligence not being pleaded, the defendant may introduce any evidence which goes to controvert the facts which the plaintiff is bound to establish in order to sustain the action.

4. ——— *Same.* Under such pleading, the plaintiff, in order to sustain the action, is not bound to prove that she did no act or that she did not omit to do anything which contributed to her injury. If, however, the plaintiff's evidence does show that she negligently did something or negligently failed to exercise reasonable care for her own safety, which act or omission was the proximate cause of her injury, she may not recover therefor.

Appeal from Wyandotte district court. Opinion filed January 6, 1912. Affirmed.

*Miller & Miller,* for the appellant; *Samuel Maher,* of counsel.

*W. H. McCamish,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to recover damages for personal injuries alleged to have been suffered by the plaintiff while she was a passenger upon the defendant's street car in Kansas City, Kan. In her petition she claims that while she was a passenger upon such street car, the car approached the intersection of Eleventh street and Minnesota avenue and came to a standstill; that thereupon she alighted therefrom, and as she stepped on the lower step of the car it was carelessly, negligently and violently started forward by the motorman in charge with such force as to throw her off the car, down upon the pavement. She further alleged specially the extent of her injuries and the effects thereof, and prayed for damages in the sum of $2000 and costs. The answer was a general denial. The case was tried to a jury.

The plaintiff and two or three witnesses in her behalf testified to facts substantially in accordance with the allegations of the petition. The conductor and mo-

torman, who were in charge of the car, and two or three other witnesses testified, in substance, that the car had not stopped but was moving at the time the plaintiff stepped off and fell. The jury returned a verdict in favor of the plaintiff for $461. A motion for a new trial was overruled and judgment rendered according to the verdict. The defendant urges only four of the eight assignments of error set forth in the abstract. It is urged, in No. 1, that the court erred in permitting the plaintiff to testify in rebuttal that on the same trip and before the accident she heard the conductor say that he was behind time, and he hurried everybody up and started the car almost before the people could get on. Number 2 relates to similar objections to rulings upon the evidence of a witness, Mrs. Briggs, who testified to similar expressions of the conductor. Before this evidence was offered, Mr. Barber, assistant superintendent of the railway company, had testified that this particular car was not late, it was on time; that it was an extra car making an extra trip; that it really was not marked down on the time card for that trip. The evidence objected to was offered in rebuttal of these statements. It is also claimed that this was pertinent to show in what manner the car was handled at the time of the accident.

In any event the evidence does not seem very material as several witnesses on each side testified as to how the car was handled at the immediate time of the accident. The sixth instruction was as follows:

"If you do not find from the preponderance of the evidence that the plaintiff was injured as a direct and natural result of the negligence of the defendant's servants in starting the car in question while the plaintiff was in the act of alighting therefrom, then your verdict will be for the defendant."

The issue was thereby clearly defined to the jury, and the evidence of the witness, even if impertinent, was not prejudicial.

The third and fourth assignments of error may also

be considered together. The third claim of error is to the refusal of the court to give an instruction, requested by the defendant, which reads as follows:

"If you believe from the evidence that the plaintiff stepped from a moving car and in consequence thereof received the injuries of which she complains, then your verdict should be for the defendant."

In lieu thereof, and upon this is based the fourth assignment of error, the court gave the following instruction:

"If you find from the evidence that the plaintiff stepped from the car in question while the same was moving and that such act on her part was the proximate cause of the injuries of which she complains, then your verdict should be for the defendant."

We think the latter is the better statement of the law. It will be observed that contributory negligence was not pleaded in defense, yet without such pleading, if the plaintiff did an act which was the proximate cause of her injuries, she could not recover, as the court plainly told the jury. Under the instruction asked by the defendant it would seem to be implied that the act of stepping from a moving car is negligence *per se* and *ipso facto* debarred a recovery. This proposition has inferentially been decided adversely in *Railway Co. v. Holloway*, 71 Kan. 1, 80 Pac. 31. Also, in *Irvin v. Railway Co.*, 81 Kan. 649, 106 Pac. 1063.

Moreover, the instruction asked by the defendant and refused by the court would seem to put the question of the defendant's negligence in issue as fully as would an allegation in the answer that the plaintiff was guilty of contributory negligence in stepping from the car while it was moving. While it is true if, in such action, the evidence of the party seeking to recover damages for an injury shows that the injury occurred through his own fault as the proximate cause he can not recover, it is also true that if the defendant, in such a case, relies upon contributory negligence as a defense he must al-

lege and prove it.   (*Stevens v. Railway Co.*, 84 Kan. 447, 113 Pac. 398.)

Under the Kansas code "the defendant may set forth in his answer as many grounds of defense  .  .  .  as he may have." (Civ. Code, § 97.)   In *K. P. Rly. Co. v. Pointer*, 14 Kan. 37, it was said:

"Contributory negligence on the part of the plaintiff is matter of defense; and if the record shows negligence of the defendant, and is silent as to the conduct of the plaintiff, a judgment for the plaintiff will be upheld." (Syl. ¶ 4.)

(See, also, *K. C. L. & S. Rld. Co. v. Phillibert*, 25 Kan. 582, 583; 29 Cyc. 580; 5 Encyc. Pl. & Pr. 10.)

Without pleading contributory negligence, however, as a defense, the defendant in this action was entitled to introduce any evidence which tended to controvert the facts which the plaintiff was bound to establish in order to sustain her action.   (*Davis v. McCrocklin*, 34 Kan. 218, 8 Pac. 196; *Light Co. v. Waller*, 65 Kan. 514, 70 Pac. 365; *Railway Co. v. Brickell*, 73 Kan. 274, 85 Pac. 297.)

Under the pleadings in this case the plaintiff was not bound to prove that she did no act or that she did not omit to do any act, the doing of which or the omission to do which contributed to her injury.   Hence, the defendant was not entitled to prove either that she did or omitted to do such acts.   If, however, the plaintiff's evidence was such that the jury might infer from it that the injury resulted from some act or omission of her own as the proximate cause thereof, the defendant was entitled to an instruction referring this question of fact to the jury.   The court in this case gave the jury just such an instruction.   We think that there was a fair trial and that no substantial error was committed by the court.

The judgment is affirmed.

PORTER, J. (dissenting) : The appellant's objections to the instructions are not based upon the theory that it is negligence *per se* to step from a moving car. The complaint is that the instruction given should not have been substituted for the one requested, and that it brought into the case the question of contributory negligence, and, in effect, charged that although the jury believed from the evidence that the car had not stopped when the plaintiff attempted to alight, she could recover, unless in the opinion of the jury under all the circumstances her act in stepping from the moving car was negligence, and, in addition, that it was the proximate cause of her injury. As a matter of law, she could recover only by establishing that the defendant negligently started the car after it had stopped and while she was attempting to alight. The specific and only negligence alleged is that the car "came to a standstill" at or near the usual place for passengers to get off, and that while plaintiff was in the act of getting off the defendant carelessly and negligently started the car suddenly forward and caused her to fall. In actions of this kind it has been repeatedly declared that the plaintiff must recover upon the specific acts of negligence complained of and no other. (*Telle v. Rapid Transit Rly. Co.,* 50 Kan. 455, 31 Pac. 1076; *S. K. Rly. Co. v. Griffith,* 54 Kan. 428, 38 Pac. 478; *St. John v. Berry,* 63 Kan. 775, 66 Pac. 1031; *Planing-mill Co. v. Baker,* 74 Kan. 120, 85 Pac. 1016.)

Contributory negligence was not pleaded, nor was it injected into the case by the instruction requested. The instruction asked was based upon the evidence of a number of witnesses, including a fellow passenger of plaintiff, who testified that plaintiff got off the car before it stopped and against the express warning of the conductor. In the recent case of *Behen v. Street Railway Co.,* 85 Kan. 491, 118 Pac. 73, the plaintiff claimed to have been injured in the same manner, and a similar

instruction was complained of. Solely because the defendant had set up the plea of contributory negligence, and offered proof in support of such defense, we held that it had invited the instruction and that the giving of it was therefore not reversible error. In the case at bar where the facts were alike in every respect the defense was a general denial; and the defendant was clearly entitled to an instruction that plaintiff could not recover if the jury believed from the evidence that as a matter of fact she was injured by stepping from the car before it stopped. If she did this she could not recover, irrespective of whether her act was negligence *per se,* or negligence in any sense, and regardless of whether it was the proximate cause of her injury; because unless the car had stopped and started suddenly forward while she was in the act of stepping from it the company was not negligent. It is not negligence for a street-car company to keep its cars moving to the end of their destination. In the absence of negligence on the part of the defendant the plaintiff certainly was not entitled to recover merely because the jury might be willing to say under the circumstances that she was not negligent in stepping from the car, or because, as every one knows, it is not negligence *per se* to step from a moving car. The following excerpt from appellant's brief will demonstrate that appellant is not claiming that to step from a moving car is negligence *per se:*

"The defendant had the right to have the legal effect of the state of facts for which it contended simply and sharply defined to the jury and hence asked the instruction which it did. It is to no purpose to say that it is not always negligence to step from a moving car. Such a proposition is in nowise involved in the consideration of the rejection of the instruction asked. The plaintiff denies she stepped off the moving car. She does not confess it and attempt to excuse herself for doing so, and hence the instruction met the conflicting contentions fully and precisely and should have been given without modification."

Nothing is said in the opinion respecting the error of the court in permitting plaintiff in rebuttal to testify to what she claims occurred when the conductor after the accident helped her up from where she had fallen. She was allowed, over the objections of the defendant, and outside of any issue raised by the pleadings, to testify that he spoke to her in a rude and unseemly manner and that he employed unnecessary force in assisting her to arise.

"Q. 'What did this conductor do, if anything, to assist you to your feet?' . . . 'Objected to as not rebuttal, mere repetition, incompetent and irrelevant.' The Court: 'Overruled.' . . . A. 'Why he took me by—he took me by my left arm and jerked me and says, "You are n't hurt," and shoved me back twice and says, "You are n't hurt," and he says, "I will get seven days for this"; and I could not talk.' "

This was not in rebuttal of any evidence offered by the defendant. I think its admission was error and that it probably influenced the amount of the recovery.

Upon the whole record I can not assent to the judgment of affirmance.

BURCH, J., also dissents.