No. 21,724.

R. A. LOWER, *Appellant and Appellee,* v. H. H. SHORTHILL et al. (B. L. LIGHT, *Appellee and Appellant.*)

SYLLABUS BY THE COURT.

1. NOTES AND MORTGAGES—*Pleadings—Allegations of Cross Petition May be Made Part of Reply.* Where the defendant in his answer and cross petition sets forth the execution and transfer of certain notes which were secured by a mortgage, the plaintiff in his reply may refer to the allegation in the cross petition in respect to the notes and mortgage and thereby make such allegations a part of his reply, and it is held herein that the reply of the plaintiff is sufficient to raise an issue as to whether or not the possession of the mortgaged property was taken and the property sold under and by virtue of the chattel mortgage referred to in the cross petition and reply.

2. SAME—*Proof under General Denial.* Under a general denial a party may offer any evidence that will controvert the facts denied.

3. PROMISSORY NOTES—*Transferred by Indorsement—Transferree May Maintain Action Thereon.* Where promissory notes have been indorsed and transferred by the payee to another, and the legal title to the same is thereby vested in the latter, he may maintain an action thereon in his own name, although the beneficial interest in the notes may not be in him.

4. SAME—*Transfer of Note Transfers Chattel-mortgage Security.* The indorsement and transfer of promissory notes secured by a chattel mortgage operates as a transfer of the title to the mortgage as well.

5. SAME—*Substantial Evidence—Should Have Gone to Jury.* Where there is substantial evidence upon which a jury might have found in favor of the plaintiff, the court is not warranted in directing a ver-

Lower v. Shorthill.

dict for defendant, and it is held herein that there was sufficient evidence upon an issue raised by plaintiff to require the submission of the case to the jury.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed October 12, 1918. Reversed.

*W. D. Vance,* and *R. E. McTaggart,* both of Belleville, for the appellant.

*N. J. Ward,* of Belleville, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: R. A. Lower brought this action against H. H. Shorthill and wife and B. L. Light, to recover on twelve promissory notes of $50 each, and one for $500.

Light filed an amended cross petition in the action, alleging that when the Shorthills executed the notes to him in October, 1913, to secure them they executed to him a chattel mortgage in the sum of $1,100 on certain blacksmith machinery and tools; that they also executed another note for $400, together with a second mortgage on the same property; "that thereafter and within a very few days, this answering defendant (Light) sold and transferred to this plaintiff the said notes amounting to $1,100.00" (no allegation being made that the mortgage securing them was also transferred) ; that he also left the $400 note and mortgage with plaintiff for safe-keeping and for the purpose of having the mortgage recorded; that the plaintiff, who was Light's business adviser, promised to have the mortgage recorded and later advised him he had done so, but that he willfully withheld it from record for the purpose of preventing Light's lien upon the property from appearing of record, although he had full knowledge of such lien; and that in response to Light's demands plaintiff failed to return the note and mortgage until after the commencement of this action. It was further alleged that on June 1, 1914, plaintiff procured from the Shorthills a bill of sale of the mortgaged property to himself in payment and satisfaction of the $1,100 worth of notes; that thereafter plaintiff, either by virtue of having the bill of sale or else without any authority of law, sold the mortgaged property in his own name to one having no knowledge of

Light's lien; and that by reason of plaintiff's disposition of this property, which was then reasonably worth $1,500, Light's note had become worthless. Judgment was asked for the amount of the note with interest from the date of its execution.

Plaintiff's reply contained a general denial, an admission of the execution of the notes and mortgages referred to in the cross petition, and an averment that he took and sold the "property covered by said mortgage" and applied the proceeds thereof upon the mortgage debt.

The court, among other instructions, directed the jury to return a verdict in Light's favor for such sum as they should find the value of the property to have been when it was taken by plaintiff, but in no case for more than $400 with interest up to the time the property was sold by plaintiff. Two special findings were made to the effect that the property was taken by plaintiff on June 1, 1914, at which time it was worth $1,250. From the verdict and judgment in Light's favor plaintiff appeals.

Under the evidence in the case the court was not warranted in directing a verdict in favor of the defendant. It appears that Light was indebted to the Narka bank, of which plaintiff was the cashier and managing officer, for about $1,400, and turned over to him the Shorthill notes amounting to $1,100 and the mortgage executed to secure the same, to apply on his debt. Light also left with the plaintiff the $400 note and a second mortgage on the same property securing it, as collateral for another small loan. The first mortgage was recorded, but the second was not placed of record. Both mortgages were left with the plaintiff, and it is claimed that he agreed to have the $400 mortgage recorded, but that instead of doing so he fraudulently withheld it from record to enable him to dispose of the mortgaged property free from lien of that mortgage. It appears that plaintiff obtained possession of the property in June, 1914, and that afterwards the Shorthills executed a bill of sale of the same to him. Testimony was given to the effect that the property was worth between twelve and fourteen hundred dollars at the time plaintiff took possession of it. In November, 1914, he sold the property to one Pulek, who it appears had no knowledge of the defendant's $400 mortgage. The evidence is conflicting as to whether or not the plaintiff

Lower v. Shorthill.

agreed to record that mortgage. Plaintiff testified that no such agreement was made, and further that the defendant never provided the fee for recording it. It is conceded that if plaintiff violated an agreement to have defendant's mortgage placed on record, and after gaining possession of the mortgaged property he sold it for less that its value, and when it was of greater value than the amount of his claim, the defendant would be entitled to recover. There is a contention by the defendant that the property was not taken by plaintiff on the first chattel mortgage, but that he took it under a bill of sale as an ordinary purchaser, in such a way as to release his mortgage lien, and that he did this with actual notice of the defendant's claim. The court excluded testimony tending to show that the property was taken under the mortgage and that the sale was made in good faith for its actual value—an amount insufficient to satisfy the mortgage debt held by plaintiff. These rulings appear to have been made on the ground that the proposed testimony was not within the issues.

It is contended by the defendant, and the court appears to have proceeded on the theory, that the reply was a mere general denial and did not contain an averment that the property was taken under the first mortgage and the proceeds of the sale applied on the mortgage debt. The averments of the reply on this subject are not full, but they appear to be sufficient to raise the issue and justify the admission of the excluded testimony. In his cross petition defendant set forth the transactions as to the execution of the notes by the Shorthills in the amount of $1,100, as well as the mortgage to secure the same, and also the execution of the $400 note and the second chattel mortgage given to secure that note. He then alleged that within a few days after the execution of the notes so secured they were sold and transferred by the defendant to the plaintiff. The reply of the plaintiff was a general denial,—

"save and except the execution and delivery from the Shorthills to the defendant, Light, of the notes and mortgages referred to and set up in said amended cross petition, and save and except the further fact that this plaintiff did take, accept and receive the goods and property covered by said mortgage from the maker thereof under said mortgage for the purpose of applying the proceeds to be derived from the sale thereof as part payment upon the debt secured by the mortgage thereon held by this plaintiff, and that having so taken and accepted the same, this plaintiff

did sell said goods and property and applied the proceeds derived there-from in part payment of said debt."

While these averments are not as full and specific as they should have been, they plainly refer to the mortgage debt transferred to plaintiff and with reasonable clearness state that the property was taken by the plaintiff under the mortgage securing that debt. Instead of setting out the notes and mortgages at length, he adopted the allegations of the defendant in his cross petition as to the notes and mortgages by reference and, having so identified them, alleged that the property was received by him under the mortgage, that it was sold under that authority and the proceeds applied to the mortgage debt. In the absence of a motion to make the reply more definite and certain, it must be deemed sufficient, and under it the plaintiff was entitled to prove, if he could, that the sale of the property was made in good faith for its actual value and for a sum less than the mortgage debt.

Besides, it is not at all clear that the excluded proof was not admissible under the general denial. The defendant had alleged that plaintiff had taken possession of the property without authority of law, and plaintiff was entitled to controvert this essential averment which the defendant was bound to establish, and therefore entitled to prove that he held a valid mortgage upon the property, took possession of it by virtue of the mortgage and made a *bona fide* sale of it, honestly applying the proceeds upon the mortgage debt. It has been held that under a general denial a party may offer any evidence which controverts the facts denied, and which the other was bound to establish. (*Davis v. McCrocklin,* 34 Kan. 218, 8 Pac. 196; *Railway Co. v. Brickell,* 73 Kan. 274, 85 Pac. 297.)

There is some confusion in the case as to whether plaintiff was acting for himself or for the bank in taking an assignment of the notes, and also when he took possession of the property. The defendant in his cross petition specifically alleged that he sold and transferred the notes to the plaintiff himself. The notes were indorsed to the plaintiff and thereby the legal title at least was vested in him. Although the beneficial interest may have been in the bank, plaintiff was warranted in acting for the bank and in maintaining an action in his own name.

(*Manley v. Park,* 68 Kan. 400, 75 Pac. 557; *Graham v. Troth,* 69 Kan. 861, 77 Pac. 92.)

It is contended that the taking of the bill of sale practically concluded the plaintiff as to any claim he might have made under the mortgage. The taking of the bill of sale does not preclude a showing that possession was in fact taken under the chattel mortgage. It may have been, as plaintiff claimed and testified, that he relied on the mortgage and only procured the signing of the bill of sale as a matter of precaution to avoid any question as to the title of the property or the regularity of the steps taken under the chattel mortgage. There is testimony to show that the possession was taken a considerable time before the bill of sale was executed. At any rate, the evidence on this subject was such as to make a question of fact whether or not possession was taken by virtue of the mortgage, or merely as an ordinary purchaser by which the mortgage debt and lien were discharged. Some of the facts brought out in the case are open to different inferences, and it is the province of the jury to determine what inferences may reasonably be drawn, and also to settle the conflicts in the testimony. Where there is substantial testimony upon which the jury might have found in favor of the plaintiff, the court may not direct a verdict for the defendant.

Another thing about which there is contention is the absence of allegations and evidence as to the formal assignment to the plaintiff of the first mortgage. The notes which the mortgage was given to secure were, as we have seen, formally indorsed and transferred to the plaintiff, and this indorsement had the effect of transferring the title to the mortgage as well. (*Kurtz v. Sponable,* 6 Kan. 395; *Ketcham v. Commission Co.,* 57 Kan. 771, 48 Pac. 29; *Bohart v. Buckingham,* 62 Kan. 658, 64 Pac. 627.)

It follows that the judgment must be reversed and the cause remanded for a new trial.