THE KANSAS CITY, LAWRENCE & SOUTHERN RAILROAD COMPANY v. NARCISSE PHILLIBERT.

1. RAILROAD STOCK LAW; *Venue; Judgment Affirmed.* Where in an action under the stock law of 1874 to recover damages for the killing of a horse by the train of defendant, the case coming to this court upon simply the findings of fact and without any of the testimony, the findings read, "That said plaintiff then resided about three-quarters of a mile from the railroad of the defendant in the county of D. and state of Kansas, and about two and one-half miles north of Baldwin City in said

county and state," and then state the circumstances of the injury, which took place as he was riding toward a spring on the opposite side of the railroad and about seventy-five yards therefrom, *held*, that a general conclusion and judgment in favor of the plaintiff will not be reversed on the ground that it does not appear that the animal was killed in the county of D.

2. ———— *Findings*. Where by any fair although not the most obvious construction of the language of the findings, any fact, especially a fact of minor importance, is shown, it will in the absence of the testimony be sufficient to sustain the judgment.

3. CONTRIBUTORY NEGLIGENCE, *Not Shown*. Contributory negligence is matter of defense; and *held*, that upon the facts as stated in the findings there is not such a showing of contributory negligence as will justify a reversal of the conclusion and judgment of the trial court.

### *Error from Douglas District Court.*

ACTION under the stock law of 1874, brought by *Phillibert* against the *Railroad Company*, to recover damages for killing a mare belonging to plaintiff. Trial at the April Term, 1880, of the district court, and judgment for the plaintiff for $70 damages, $25 attorney's fee, and costs. The *Railroad Company* brings the case here. The opinion states the facts.

*S. O. Thacher*, for plaintiff in error.

*John Hutchings*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action under the statute of 1874 relating to the killing and injuring of stock in the operation of railways. Upon the trial no evidence was introduced by the railway company, and from the evidence of the plaintiff the court made the following findings:

"That on the 23d day of September, 1879, plaintiff was the owner of a red-roan mare of the value of seventy dollars, as described and set out in plaintiff's bill of particulars; that plaintiff then resided about three-quarters of a mile from the railroad of the defendant, in the county of Douglas and state of Kansas, and about two and one-half miles north of Baldwin City, in said county and state; that the said red-roan mare was pasturing on the open prairie not far from plaintiff's

house; that the plaintiff about noon of said day took another animal, a horse which had been worked with said mare for some months previous thereto, and started toward a spring of water, which was on the opposite side of said railroad and some seventy-five yards beyond the same, from which spring plaintiff was in the habit of drawing water for his family use; that said mare saw plaintiff going in the direction of said spring, riding the other horse, and followed after the plaintiff; that plaintiff saw the mare following and made no effort to fasten said mare or to prevent or induce her following, and that he knew that it was about time for the regular train on defendant's road to pass south; that plaintiff riding the other horse crossed the right of way of the defendant in a ravine under a bridge under the railroad track, through which there was a path or road used by various persons of the neighborhood in going to and from this spring, and the said red-roan mare followed plaintiff thereunder and across said right of way; that plaintiff after going under said bridge turned north on a path running along said railroad and varying twenty-five to fifty yards therefrom; that while riding along with the red-roan mare following as aforesaid, a regular train on defendant's road passing south came along, at which the said red-road mare became frightened and ran upon the track in front of said train and ran along said track in front of said train toward said bridge, at which place the engine of said train struck said mare and shoved her nearly across said bridge and threw her into the ravine, and so injured her that she died in a short time thereafter; that when said mare ran upon said track plaintiff was about eighty yards distant with the other horse; that said bridge was about fourteen feet high and thirty feet long, and was open on top, with cross-ties eight or ten inches apart; that said railroad was not fenced, nor was there any depot, side-track or switch or road-crossing or public highway where the said mare ran upon said railroad track; that plaintiff duly demanded of defendant, more than thirty days before the commencement of this action, payment for the value of said mare; that twenty-five dollars is a reasonable and proper attorney's fee for plaintiff's attorney herein, and his services are of that value."

Upon the findings of fact, the court found that the plaintiff below was entitled to recover from the railroad company seventy dollars, the value of the mare, twenty-five dollars as attorney's fee, and all costs.

Now upon these findings two questions are presented by counsel: first, it is insisted that it is not shown that the injury was done in Douglas county, the county in which suit was brought, as required by the statute, (*Hadley v. C. B. U. P. Rld. Co.*, 22 Kas. 359;) and second, that plaintiff was guilty of contributory negligence. Both these questions must be resolved in favor of defendant in error, and yet in reaching this conclusion we have had much hesitation, especially in regard to the latter. In reference to the first question, the language of the findings is a little ambiguous. It reads that the "plaintiff then resided about three-quarters of a mile from the railroad of the defendant, in the county of Douglas." Now the first impression conveyed by this statement would be that the county was descriptive simply of the residence, and that all that was meant was that plaintiff lived in Douglas county, whether the railroad was in or out of the county; but the locality may have been named as descriptive simply of the railroad, and not at all of the residence. And that, we are led to believe, is the true interpretation of the language, and for these reasons: ordinarily a qualifying clause is understood as qualifying the nearest noun. While this is not an absolute rule, yet in case of doubt this will often determine. (*City of Ottawa v. Barney*, 10 Kas. 278.) Again, the language is followed in the same sentence by these further words of description: "and about two and one-half miles north of Baldwin City, in said county." Now obviously the county is here used as descriptive of the locality of Baldwin City, and not as a mere repetition of the locality of the residence. Thus the latter part of the sentence follows the rule above noticed. This strengthens the conviction that some rule was observed in the first part of the sentence. Clearly the railroad as a whole was not referred to, for it is a long line, traversing many counties, and only one point on that line was a matter of inquiry and consideration. All language must be understood as used in reference to the facts and questions involved. And finally, the court found in favor of the plaintiff, which is a strong implication of the meaning in-

tended by these words.    Putting all these things together, it
seems but a fair construction of the language that it locates
the place of injury in Douglas county.

The other question is more difficult.    But these things must
be considered.    Contributory negligence is matter of defense.
If on this the testimony is in equipoise, the defendant fails.
This is the rule in this state and in the supreme court of
the United States; ( *K. P. Rly. Co. v. Pointer,* 14 Kas. 37;
*R. R. Co. v. Gladmon,* 15 Wall. 401;) though it must be con-
ceded that the rule is different in some of the states.    Again,
the testimony is not preserved.    We have only the findings
of fact before us.    The district court found generally for the
plaintiff..    This means that it found against contributory neg-
ligence.    Before we can reverse, we must hold that as matter
of law the facts stated show contributory negligence.    It is
not enough that they are consistent with such negligence, or
that with others they would prove it, or even that upon these
alone a finding of the court or a verdict of a jury against the
plaintiff would have to be reversed by this court.    Presump-
tions and inferences are with the decision.

Further, in reference to the facts, the plaintiff could not be
deprived of the right to resort to the spring for water at any
time of the day by reason of the omission of defendant to
fence its road.    Its neglect cast no new burden upon him —
deprived him of no right.    It is not stated why he went to
the spring at this particular time.    If family needs at the
house required water, or if the animal he rode needed drink,
he might properly go at that time, although it was the time
for the ordinary passage of trains.    Persons living along the
line of a railroad are not obliged to delay or forego the ordi-
nary duties and necessities of their lives in order to relieve
the road from the consequences of its omission of duty.    No
presumption of wrong in the conduct of plaintiff arises.    The
presumption is, that he rode to the spring at that time because
there was good reason for so going.    If he rode simply to
toll the loose animal into proximity to the track, or even with-
out such motive, but with no occasion therefor, wrong might

be imputed to his conduct. But when his action is in response to some demand of family life—action which unquestionably would be present duty if no railroad were there, and which would be without danger if the railroad had been fenced, it is not justly subject to the imputation of negligence. In other words, the omission of the defendant does not turn an otherwise proper and needed action of the plaintiff into an act of negligence. But it may be said that it was negligence to permit the loose animal to follow him; that he should have fastened it up, or driven it back, or in some way prevented it from approaching the track. There is doubtless force in this; yet the only necessity for any such action springs from the defendant's omission of duty. And the only pretense of wrong on his part was not in act, but in failure to act. He did not drive the animal toward the track; he simply failed to drive it away. Could the company's default cast this added burden upon his conduct? Must the farmer shut up his stock at train-time, or keep away from the track for fear some animal may follow him and be injured? The case most nearly in point that we have found is that of *Schubert v. The M. & St. L. Rld. Co.*, 7 Northwestern Rep. 158, from the supreme court of Minnesota. The syllabus of that case is: "A railroad company which has failed to fence its road as required to do by statute, must run its trains upon the basis that cattle rightfully upon adjoining lands may stray upon the track on account of the absence of a fence. The adjoining land-owner is not be deprived of the use of his land by the failure of the company to fence; and in using the same he has a right to expect this course of conduct on the part of the company. Whether in exercising his right to use his land the land-owner has been guilty of negligence contributing to an injury to his cattle, is ordinarily a question of fact for a jury, to be determined with reference to all the circumstances of the case and the duty of the company as above indicated. Merely suffering his cattle to graze upon his land, or to go to a spring thereon in broad daylight, is not such negligence on the part of the land-owner *in law*, notwithstand-

ing the company's road is unfenced, and notwithstanding there is another railroad within a few hundred feet." So here the land-owner is not to be deprived of the use of his spring by the failure of the company to build a fence; and the reasonableness and propriety of that use are to be determined by the wants of his farm, rather than by the convenience of the company. No wrong motive is shown—no action which was not needed and proper, measured by the necessities of plaintiff's family life, and none which would have wrought any injury if defendant had not omitted a plain statutory duty; and we do not think it can be adjudged as matter of law, and in opposition to the ruling of the district court, that his action was chargeable with contributory negligence.

There being no other question in the case, the judgment will be affirmed.

All the Justices concurring.