THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. FRANCIS W. PECK.

No. 15,224.    (100 Pac. 54.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Compromise and Settlement—Validity of Contract.* Under the evidence in this case it was not error for the court and jury to set aside as invalid a written contract of settlement of the claim for damages.

2. CONTRIBUTORY NEGLIGENCE—*Pleading and Proof.* In an action for personal injuries, where the petition avers that the injuries occurred through the negligence of defendant's employees and through no fault of the plaintiff, a general denial does not impose upon the plaintiff the burden of proving that he was not guilty of contributory negligence. Contributory negligence is an affirmative defense, and, to be relied upon, must be pleaded and proved.

Error from Ford district court; EDWARD H. MADISON, judge. Opinion filed February 6, 1909. Affirmed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*F. Dumont Smith,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The defendant in error brought an action against the railway company for damages in the sum of $3000 for personal injuries received through the alleged negligence of the agents and employees of the company in unloading ties from a car. The company

answered this claim by (1) a general denial, and (2) a written and printed contract of settlement attached to its answer. The jury returned a general verdict in favor of the plaintiff for $899. A motion for a new trial was denied by the court and judgment rendered in accordance with the verdict.

The company assigns as error here (1) that the release executed by the plaintiff is valid and binding and bars a recovery in the action, (2) that there was error in giving instructions, and (3) error in the admission of testimony.

The principal question in this case is whether or not the contract for release is valid or whether the evidence justified the court and jury in disregarding it. The evidence tends to show that a tie was thrown from the car, without notice or warning, and struck and broke the plaintiff's leg; that he was immediately taken to a tool-house and his foot placed in hot water; that within about fifteen minutes after the injury, while his foot was in the water and while he was almost beside himself with pain, the company's section foreman presented to him the contract of settlement for his signature. He was told that if he signed it the foreman would pay him one dollar and that he would receive medical attention. The foreman believed the leg was only bruised, and he told the plaintiff that he would not again be employed by the company until the claim was settled. The plaintiff did not read the contract, but it was explained to him with reasonable fairness. The plaintiff said he believed the leg was broken, but others said they thought it was not, and he did not know the extent of his injury. There is no contention that $900 is excessive damages for the injury, and, indeed, it seems small compensation. The jury were fairly instructed on the subject, and were fully justified in disregarding the settlement. The haste and other circumstances under which the contract was presented and the insignificance of the amount paid constitute some evidence, at least, of its invalidity. They almost neces-

sarily suggest that the plaintiff could not have acted intelligently or deliberately, and that the procurement of a settlement under the circumstances was unfair.

The company next insists that the court erred in its fifth instruction to the jury. This instruction relates to the alleged negligence of the company's employees in causing the tie to be thrown from the car without warning to the plaintiff, and no reference is made therein to any negligence on the part of the plaintiff. The amended petition, upon which the case was tried, alleged that the plaintiff was injured without any fault on his part, but through the negligence of the company's employees, and it is contended that the general denial put this allegation in issue. It has frequently been decided in this court that in such a case contributory negligence is an affirmative defense, and must be alleged and proved by the party relying thereon. (*K. P. Rly. Co. v. Pointer,* 14 Kan. 37; *K. C. L. & S. Rld. Co. v. Phillibert,* 25 Kan. 582.) The plaintiff was not required to prove the negative allegation, and in the absence of any allegation or proof of contributory negligence by the company there was no issue thereon, and there was no error in omitting any reference thereto in the instruction.

Complaint is made of the admission of testimony on the part of the plaintiff as to what income, if any, he had aside from his wages as a laborer. The record does not show any objection or exception to the admission of the evidence. An objection was made, however, to a question as to what property the plaintiff had, and it was admitted by the court for the limited purpose of showing that he was dependent upon his daily earnings for support. The fact that he had no income and no property was proper to be considered by the jury in determining whether or not he was coerced or unfairly influenced by the inducements offered or suggested to sign his name to the contract of release.

The judgment is affirmed.