No. 19,068.

BESSIE C. ROSS, as Administratrix, etc., *Appellee*, v.
THE ST. LOUIS & SAN FRANCISCO RAILROAD COM-
PANY, *Appellant*.

SYLLABUS BY THE COURT.

FEDERAL EMPLOYERS' LIABILITY ACT—*Personal Injuries—Con-
tributory Negligence Not a Complete Defense—Mitigation of
Damages—Instructions.* In an action to recover damages for
the death of a railroad employee by alleged negligence in
switching cars in circumstances to which the federal em-
ployers' liability act applied, an instruction was given defin-
ing contrbutory negligence, and in another instruction (No.
6) the court said that if the deceased was guilty of con-
tributory negligence and "that said negligence directly con-
tributed to his injury, you should take said negligence into
consideration in arriving at the amount of your verdict as
hereinafter explained, if you find from the evidence that the
plaintiff is entitled to recover, but if you find from the evi-
dence that the contributory negligence of the deceased, Otto
N. Ross, was the sole and proximate cause of his death, then
you should find a verdict for the defendant."

A verdict was returned for the defendant, but was set
aside and a new trial was ordered "solely on the ground that
instruction No. 6 misstates the law in the last part thereof in
regard to contributory negligence."

It is held, (1) that the plaintiff had a right to a plain and
unambiguous instruction to the effect that contributory neg-
ligence was not a complete defense under the federal stat-
ute referred to but should be considered in mitigation of
damages; (2) that as the language used was doubtful in
meaning and confusing, and the presiding judge with full
opportunity of observation believed that the instruction did
not fairly and sufficiently inform the jury upon a material
matter of law, the order granting a new trial will not be
reversed.

Appeal from Wyandotte district court, division No.
2; FRANK D. HUTCHINGS, judge. Opinion filed De-
cember 12, 1914. Affirmed.

A. L. *Berger*, of Kansas City, *W. F. Evans*, of St. Louis, Mo., *W. S. Cowherd, R. J. Ingraham, L. E. Durham*, and *Arthur H. Morse*, all of Kansas City, Mo., for the appellant.

*William B. Sutton*, and *William B. Sutton, jr.*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an appeal from an order granting a new trial after a verdict for the defendant in an action to recover damages caused by the death of Otto N. Ross, a switchman in the service of the railroad company. The new trial was granted solely for error in an instruction.

The action was based upon the alleged negligence of the company and its employees in pushing or "kicking" a string of cars, from which the engine had been detached, with no one in charge, over a sidetrack upon which Ross was standing, and thereby killing him; and in failing to give warning of the approach of this string of cars, after the company's employees knew that he was in imminent danger.

The defendant filed a general denial, and pleaded negligence on the part of Ross in failing to use his senses of sight and hearing.

It appeared from the evidence that Ross belonged to a crew which had just brought a drag of cars into the Kansas City yards. The engine was cut off and was waiting on a crossover track for an opportunity to get back to what is called "three main line," upon which another engine and crew were switching cars. When Ross's engine stopped at the crossover, he left the footboard, and walked in a southerly direction to throw a switch to let his engine out on "three main line," and then walked west to "middle yard lead," and stood there conversing with Mr. Hill, a switchman from another engine that had also been stopped for the switching first referred to. While the two men talked together

there three to five minutes, the crew engaged in switching sent a cut of cars from "three main line" out on the "middle yard lead" with no one on them. Hill noticed the cars coming, and started toward his engine without saying anything to Ross, who remained standing on the track, and was run over by these cars.

The instruction deemed erroneous by the district court was this:

"The deceased, Otto N. Ross, was bound to exercise reasonable and ordinary care for his safety, and if you find from the evidence that he knew that another switching crew were switching cars on the main track and were liable to kick cars down onto the track on which he was standing, and that he knew of the approach of the cars being kicked into said track, or by the exercise of reasonable and ordinary care could have known, and that he was familiar with the situation at said time and by the exercise of reasonable and ordinary care for his own safety could have prevented the injury which resulted in his death, then you are instructed that the deceased was guilty of contributory negligence, and if you further find that said negligence directly contributed to his injury, you should take said negligence into consideration in arriving at the amount of your verdict as hereinafter explained, if you find from the evidence that the plaintiff is entitled to recover, *but if you find from the evidence that the contributory negligence of the deceased, Otto N. Ross, was the sole and proximate cause of his death, then you should find a verdict for the defendant.*"

The error for which the new trial was granted is in the concluding part of the instruction italicized above.

As the parties were engaged in interstate commerce, the federal employers' liability act governs, under which contributory negligence is not a complete defense but may be considered in mitigation of damages. The jury were instructed, however, that if they found that the contributory negligence of Ross was the sole and proximate cause of his death, the verdict must be for the defendant. Counsel for the defendant say that, strictly speaking, this part of the instruction contradicts itself. According to the usually accepted definition

contributory negligence is negligence which concurs or operates with that of the defendant and therefore presupposes negligence on the part of the defendant. But if the defendant's negligence concurred with that of Ross, then his negligence could not have been the sole cause of his death, and therefore, on this construction, the instruction was meaningless, and might as well have been left out entirely. But it is also argued that contributory negligence is often loosely used as interchangeable with negligence of the plaintiff, and that this was undoubtedly the sense in which the term was used as indicated by the word sole. It is insisted that to the ordinary mind the instruction only meant that if Ross's negligence alone caused his death there could be no recovery. Turning, however, to another instruction it is found that contributory negligence was precisely defined. This instruction was:

"Contributory negligence is an omission of duty, either in a failure to do that which a reasonably prudent person would do, or in doing that which a reasonably prudent person would not do under like and similar conditions on the part of the one injured by the negligence of another, which omission of duty contributed directly to the injury sustained."

It must be presumed that the jury understood the term in the sense in which the court thus defined it. Striking out the word "sole" from the first instruction it is in conflict with the federal statute. The jury would be as likely to disregard that word as the word "contributory." Trying to give effect to both would at least be confusing. The plaintiff had the right to a plain declaration of the effect of the statute in unambiguous terms, to the end that the jury might know that contributory negligence was not a complete defense. In the opinion of the judge who framed the instruction and who had an opportunity to consider its probable effect upon the jury it did not fully and sufficiently inform them upon a material matter. That the judge so believed is shown by his action in ordering

a new trial. With this disposition of the matter, evidently made with a view of carefully guarding the rights of litigants, this court will not interfere.

The defendant argues that the motion should have been denied for another reason, viz., that the plaintiff failed to establish a *prima facie* case, and that its demurrer to the evidence should have been sustained. We do not concur in this view. It is not deemed necessary to review the evidence in detail. It is sufficient to say that no error is found in the order overruling the demurrer.

The order granting a new trial is affirmed.