No. 21,070.

IDA THOMAS, Administratrix of the Estate of OWEN THOMAS, Deceased, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. FEDERAL EMPLOYERS' LIABILITY ACT—*Death of Employee—Negligence.* Under the circumstances disclosed in the opinion it can not be said, as a matter of law, that the defendant was not guilty of any negligence.

2. SAME—*Contributory Negligence—Does Not Defeat Recovery.* Under the federal employers' liability act negligence on the part of an injured employee does not in any case defeat recovery, but only diminishes the amount of damages.

3. SAME—*Contributory Negligence—Amount of Recovery—Question for Jury.* Under the federal employers' liability act, where the plaintiff is guilty of contributory negligence, the reduction of damages on account of that negligence is left to the jury.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed October 6, 1917. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellant.

*R. M. Hamer, H. E. Ganse, Humbert Riddle,* and *I. E. Lambert,* all of Emporia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for $7000 for the death of Owen Thomas. The defendant appeals.

Thomas was employed as a conductor on one of the defendant's freight trains, and was killed on December 26, 1914, while in the performance of his duty in the defendant's yards at Florence. At the place where Thomas was killed the defendant had three railroad tracks running parallel with each other, and one crossing track running from one of the parallel tracks to another. Two of these tracks were known as main-line tracks, and one was known as the M. & M. branch track. This track comes into Florence from the north and east. On the day of his death Thomas was taking a freight train, consisting of fifty-five cars, from Emporia to Wellington. Two engines were attached to this train. The train stopped at Florence, and the engines were detached to get coal and water. Thomas left his train to go to the station and register. While on the way, walking between a main-line track and the M. & M. branch track, he met one of his engines coming back from the water tank. Water was slopping over the rear of the tender. The tender had been filled too full, and the drain pipe was clogged and frozen so that the water could not escape through it. To avoid the falling water Thomas stepped on the ends of the ties of the M. & M. track. A passenger train was coming into Florence on that track. Thomas' engineer saw the passenger train and saw that Thomas did not know it was coming. As Thomas passed his engine his engineer called to him, but Thomas did not hear. As soon as his engine had passed Thomas started to step into the space between the tracks, but was struck by the engine of the passenger train. It came without using steam for some distance east of the place of the accident. Steam was applied within a few feet of that place. There was evidence which tended to show that the engine bell on the passenger train was not ringing, and

that no warning whistle had been sounded.   The jury made special findings of fact as follows:

"1.  If you find the defendant guilty of negligence please state what act or acts of defendant constitute said negligence and give the names of employees whose acts constitute the · negligence.   Ans.  Slopping of water from tender of engine ·driven by Engineer Burrell, on account of faulty drain pipes.   Party or parties, names unknown to jury, whose duty it was to see that drain pipe was open when engine was taken from Emporia, to blame.   Also coasting of M. & M. train into Florence, without proper warning signals.   Enginemen in charge to blame.

"2.  Is the spilling of the water from the tank of an engine, operated as the engine in question was operated at the time of the accident, a usual occurrence in cold weather?   Ans.  Possible occurrence, but not common.

"3.  Did the spilling over of the water in the manner shown by the evidence in this case ever before cause or contribute to the death of a human being by a train passing upon a parallel track.   Ans.  We do not know.

"4.  Was there anything to prevent Owen Thomas from seeing the approaching M. & M. passenger train in time to step away from the M. & M. passenger track and avoid injury?   Ans.  No obstruction to prevent deceased seeing approaching M. & M. train, but he did not have time to turn and look, after stepping toward M. & M. track to avoid splashing water from Engineer Burrell's engine.

"5.  After the rear end of the tank of the engine in question had passed by Owen Thomas and the danger of water dripping on him had ceased, if Owen Thomas had promptly stepped away from the track upon which the M. & M. passenger train was approaching, could he have avoided the injury?   Ans.  No.

"6.  Was the fact that the M. & M. passenger track was in condition for service of trains passing over and upon it, plainly observable by Owen Thomas at the time he left his freight train and started toward the passenger depot to register?   Ans.  Yes.

"7.  Had the reopening of the M. & M. track for service been bulletined and if so, had Owen Thomas an opportunity to read said bulletin?   Ans.  We do not know.

"8.  Was the injury to Owen Thomas caused by the ordinary risks of his employment as a railroad freight conductor?   .Ans.  No.

"9.  If you answer question 8 in the negative, please state what was extraordinary and unusual about the risks or about the circumstances which caused the injury in this case?   Ans.  Slopping of water from tender of engine driven by Engineer Burrell account of faulty drain pipe; also the coasting or 'drifting' in of M. & M. train into· Florence without proper warning signals.

"11.  If you find for plaintiff, how much do you find the full damage?   Ans.  Ten Thousand Dollars ($10,000.00).

"12.  In what amount do you diminish the full recovery on account of

Thomas v. Railway Co.

the negligence of Owen Thomas, if any?   Ans. Three thousand dollars (8,000.00)."

1. The defendant insists that there was no negligence on its part. Two acts of negligence were found by the jury: the slopping of water from one engine, caused by faulty drain pipes, and the coasting of the other engine without proper warning signals. The defendant argues that the water slopping over the tender was not the proximate cause of the accident. That may be true, but the slopping water was a contributing cause; and the circumstance that caused the water to slop over the tender was one that should have been taken into consideration by the jury in fixing the responsibility for the accident. If the water had been the only cause, there would be force to the defendant's argument; but that was not the only cause. The other cause—the proximate one; the cause without which the accident would not have occurred—was the passenger train coasting without giving any warning signal. The coasting train came with the least possible noise. A warning bell or whistle, or the use of steam, would probably have attracted Thomas' attention and avoided the injury. The circumstances were such that it can not be said, as a matter of law, that the defendant was not guilty of any negligence that contributed to the death of Thomas. The question was one that was properly submitted to the jury for its determination. (*Pfeiffer v. Oregon-Washington R. & N. Co.*, 74 Ore. 307; *Kelleher v. The Milwaukee & Northern R. Co.*, 80 Wis. 584; *Louisville & Nashville R. R. Co. v. Lowe*, 118 Ky. 260; *Neary et al. v. Northern Pac. Ry. Co. et al.*, 37 Mont. 461.)

2. The defendant contends that the death of Thomas was caused by his own negligence. Thomas stepped on a railroad track and did not look to see if a train were coming. This was negligence on his part; but regard for his safety did not compel him to remain in the space between the tracks and allow icy water to fall on him. He instinctively avoided the water. Although he was negligent in stepping on the ties of the M. & M. track without looking, that negligence does not defeat the plaintiff's right to recover. This action is under the federal employers' liability act. The act provides:

"That in all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this Act to recover damages for personal injuries to an employee, or where such

injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." (Part 1, 35 U. S. Stat. at Large, ch. 149, p. 66.)

Under that act contributory negligence does not in any case defeat a recovery, but only diminishes the amount of damages. (*Ross v. Railroad Co.*, 93 Kan. 517, 144 Pac. 844; *Norfolk & Western Ry. Co., v. Earnest*, 229 U. S. 114.)

The plaintiff's right to recover depends on the defendant's negligence. If the defendant was negligent, the plaintiff can recover, although Thomas was also negligent.

3. The defendant argues that the damages were not properly apportioned by the jury. Under the federal employers' liability act, as above set out, the apportionment of the damages was peculiarly within the province of the jury. No rule can be declared that will govern the jury in the apportionment of damages. This matter, like the fixing of damages, must be left to the jury, and be determined by it under the circumstances of each case. When so determined, unless the reduction of damages made by the jury is unconscionable, the amount fixed must stand.

The judgment is affirmed.