No. 28,567.

SARAH JENKINS, *Appellee,* v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant.*

(275 Pac. 136.)

822

Opinion filed March 9, 1929.

F. S. Jackson, P. H. Forbes, James E. Smith, all of Topeka, and Charles L. Carr, of Kansas City, Mo., for the appellant.

Joseph Cohen, of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Sarah Jenkins against the Kansas City Public Service Company to recover damages sustained by her while alighting from a street car of the defendant. It is alleged that the injury sustained was due to the negligence of defendant in maintaining a defective floor of the vestibule of the car in which her heel caught and caused her to fall out of the front door upon the pavement, resulting in severe and permanent injuries. She recovered a judgment for $2,250, from which defendant appeals.

Two grounds of error are presented, one of which is that judgment for defendant should have been given upon the special findings. The jury found the defendant negligent in maintaining a defective platform or vestibule floor, that the heel of plaintiff's shoe caught in the defective flooring; but it also found that the defect in the floor was visible and that the plaintiff did not look at the floor of the vestibule as she stepped therein or prior to walking thereon, and so it is argued that this nullifies the finding of negligence and that plaintiff's own negligence in failing to look should be held to be the proximate cause of the injury. Attention is called to the fact that contributory negligence was not pleaded by the defendant, and that the answer was a general denial only.

Defendant contends that while it was bound to exercise the highest degree of care as to passengers, yet the passenger was also bound to exercise reasonable care for her own safety. If contributory negligence was relied on as a defense it should have been pleaded in the answer. It has been decided that contributory negligence is an affirmative defense which must be alleged and proven by the party relying on it. (K. P. Rly. Co. v. Pointer, 14 Kan. 37, 50; K. C. L. & S. Rld. Co. v. Phillibert, 25 Kan. 582; St. L. & S. F. Rly. Co. v. Weaver, 35 Kan. 412, 11 Pac. 408; Railway Co. v. Peck, 79 Kan. 413, 100 Pac. 54; Altwein v. Street Railway Co., 86 Kan. 220, 120 Pac. 550.) Under the general denial the defendant could introduce evidence to controvert that offered by plaintiff to the effect

that defendant's negligence was the proximate cause of the injury, and if plaintiff's evidence proved that the cause was not due to defendant's negligence plaintiff of course could not recover. Defendant has referred to *Altwein v. Street Railway Co.*, supra, as an authority that it was unnecessary to allege the defense of contributory negligence. There the negligence of plaintiff was treated by the parties as an issue in the case just as if it had been pleaded. Evidence on the defense was received and the court instructed the jury that if the evidence showed that plaintiff's act was the proximate cause of the injury suffered she could not recover. Under those circumstances the answer of defendant might have been amended or treated as amended to include the defense, and apparently it was so treated. In no sense is that case a departure from the established rule that contributory negligence is an affirmative defense to be alleged and proven by the defendant. It goes no farther than to hold that under a general denial the defendant may introduce any evidence which goes to controvert the facts which the plaintiff was bound to establish in order to sustain the action. Here the evidence did not tend to show negligence on the part of the plaintiff, and there was a finding that defendant's negligence was the proximate cause of the accident. The special finding that the defect in the floor was visible and that she did not look at the defective floor prior to walking thereon did not amount to a finding that plaintiff was guilty of contributory negligence. It appears from the evidence that when the car was stopped at an intersection for passengers to leave the car, five or six persons passed out just ahead of plaintiff and some followed her. In that situation as passengers were crowding each other in the narrow passageway, there was little if any opportunity for plaintiff to look for defects in the floor. No duty devolved on the plaintiff to stop the procession, get down and inspect the floor to see if there were holes or cracks in it, which would render it unsafe to travel over. If she had done so, we can infer that she would have heard a command from the conductor to "step lively." No duty of the defendant is more important to the safety of passengers, where large numbers of them enter and leave a car during a short stop, than that the floor of the passageway be safe to travel on. The plaintiff had a right to assume that this duty would be discharged by the defendant and that proper precautions for the safety of passengers had been taken. She had a right to assume that all parts and places of the car to be used by

passengers were reasonably safe and fit for use, and especially the floor over which she was compelled to travel. The finding that the plaintiff did not look for a defect that was visible in the floor does not in these circumstances show contributory negligence on her part and did not constitute a ground to compel judgment for the defendant.

Complaint is made of instructions given by the court. In one the court said:

"Even though you may find from the evidence that plaintiff fell, while attempting to leave the car in question, and was injured by the fall, yet it is not sufficient to entitle her to recover unless it is further proven by the preponderance of the evidence that the proximate cause of such fall was the negligence of the defendant, substantially as alleged in plaintiff's petition; and if you find from the evidence that the sole proximate cause of such fall was something other than such negligence of the defendant, your verdict will be for the defendant, regardless of what such other cause may have been, or what the extent of her injuries may be."

This was followed by instruction six, in which the court stated:

"If you find from the evidence that the plaintiff was guilty of negligence, that is, of a failure to exercise ordinary care and prudence such as would reasonably be expected of a reasonably prudent and careful person under the same circumstances, and that such negligence on her part was the sole proximate cause of her injuries, you will find for the defendant."

In earlier instructions the court had told the jury that the burden of proof was on the plaintiff to prove that the defendant was negligent as she had alleged and that such negligence was the proximate cause of the injury, and that unless she had proven these allegations the verdict must be for defendant. There was a further instruction that if plaintiff had failed to use reasonable care for her own safety she could not recover. Defendant argues that the use of the term sole proximate cause in the sixth instruction was erroneous. Contributory negligence of a plaintiff is defined as that negligence which concurs or coöperates with that of the defendant and presupposes negligence on the part of defendant. (*Ross v. Railroad Co.*, 93 Kan. 517, 144 Pac. 844.) It is argued that the use of the word "sole" in effect advised the jury that it could not find for the defendant unless it found that the defendant was entirely free from negligence. The word should not have been used in the connection in which it was used, but we think it is clear from the evidence and the other instructions that the jury could not have been misled nor the de-

fendant prejudiced by the improper term. Only prejudicial error affords ground for a reversal.

Finding no substantial error in the record, the order must be and is an affirmance of the judgment.